HARTFORD AIRMOTIVE, INC. *v.* INSURANCE COMPANY
OF NORTH AMERICA

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 8—decision released July 27, 1976

*Stephen B. Horton,* for the appellant (plaintiff).

*Steven M. Fast,* with whom, on the brief, was *Philip S. Walker,* for the appellee (defendant).

PER CURIAM. The plaintiff, Hartford Airmotive, Inc., brought this action to recover damages from the defendant, Insurance Company of North America (INA), for breach of an insurance contract. Judgment was rendered for the defendant and the plaintiff has appealed.

Although parts of the finding were assigned as error, they were not pursued in the plaintiff's brief and are considered abandoned. *Hartford National Bank & Trust Co.* v. *Redevelopment Agency,* 164 Conn. 337, 338, 321 A.2d 469. The finding of fact is, in part, as follows: On May 28, 1967, a passenger died in the crash of an airplane owned by Aqua Aero Corporation (Aqua) and leased to the plaintiff. The defendant insured both Aqua and the plaintiff under unrelated policies that provided different coverages. After receiving notice that the passenger's estate had a claim against Aqua, the defendant, on November 16, 1967,

advised Aqua that the crash was not covered under Aqua's policy. On May 9, 1968, the passenger's estate brought a wrongful death action against the plaintiff and attached the plaintiff's aircraft. The defendant was first notified of the action on or about May 16, 1968, and it immediately began an investigation of the plaintiff's liability and of the coverage provided by the plaintiff's policy. After the defendant started its investigation, the plaintiff advised the defendant that the attachment was damaging the plaintiff's business. By May 21, 1968, the defendant advised the plaintiff that it would pay the premium on a bond to release the attachment. The plaintiff, however, never submitted a bill for a bond premium to the defendant. By a letter dated May 24, 1968, the plaintiff's counsel in the wrongful death action informed counsel for the passenger's estate that he had been making every attempt to persuade INA to send a letter to the estate's counsel acknowledging that INA covered the plaintiff in the amount of $100,000, insofar as it related to the action against the plaintiff, "because it has been my understanding from you that if INA will so acknowledge in writing to you, you will release the attachment of the airplanes." By letter of May 28, 1968, the defendant advised the plaintiff that an attorney had been retained to defend the plaintiff's interests and that the amount of damages claimed by the passenger's estate was in excess of policy limits. The plaintiff's counsel in the wrongful death action was instructed to use the letter of May 28, 1968, to get the attachment released, but it was not used for that purpose. The attachment was released after June 27, 1968. Ultimately, the defendant paid a stipulated judgment against both Aqua and the plaintiff.

The plaintiff claims in its brief, even though the fact does not appear in the finding, that the plaintiff ceased operations on or about June 1, 1968, because it lacked funds to continue without the revenue that would have been generated by the attached airplanes. For this loss the plaintiff blames the defendant's refusal to acknowledge coverage to the attaching party so that the attachment could be released.

The issue on appeal, as framed by the plaintiff, is whether the insurer of a casualty loss is obligated, upon request of the insured, to provide a party suing an insured with a letter stating that the insurer will pay any judgment rendered against the insured up to the limits of the insured's policy, although the policy of insurance contains no such express requirement. The plaintiff asserts that an acknowledgment is a part of the duty to defend, but it cites no authority for this proposition. The court found that under the policy between the plaintiff and the defendant, the defendant's obligation with respect to an attachment is to pay the premium on a release bond. And the court concluded that the defendant had no obligation to secure the release of the attachment on the plaintiff's property beyond paying the premium on a release bond, which premium the defendant offered to pay. It also concluded that the defendant acted reasonably and in good faith in performing its obligations under the contract. This finding and these conclusions are not attacked and are dispositive of this appeal.

There is no error.